**James Robinson POOLE, Appellant,**

v.

**Frank W. WOOD, Appellee.**

**No. 94–2309.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 16, 1994.

Decided Jan. 12, 1995.

Rehearing and Suggestion for Rehearing En Banc Denied Feb. 21, 1995.

Marc Kurzman, Minneapolis, MN, argued, for appellant.

James B. Early, Asst. Atty. Gen., argued, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, HEANEY, Senior Circuit Judge, and BARNES,* District Judge.

BARNES, District Judge.

Petitioner, James Robinson Poole, appeals the district court's[1] adoption of the magistrate judge's[2] recommendation that Poole's petition for writ of habeas corpus be denied with prejudice. Poole contends that he was convicted under a Minnesota statute that is unconstitutionally vague, that the state trial court failed to apply the correct Fourth Amendment standard in its ruling on search and seizure issues and thus denied him an opportunity for full and fair litigation, and that the state court's evidentiary rulings concerning his prior bad acts were so prejudicial that he was denied fundamental fairness and due process. For the reasons set forth below, we reject Poole's arguments and affirm the decision of the district court.

## I. Background

Petitioner, James Robinson Poole, was charged with violations of Minn.Stat. §§ 609.344 and 609.345, which proscribe sexual contact and sexual penetration accomplished "by means of false representation that the [contact or penetration] is for a bona fide medical purpose by a health care professional." After a complaint by one of Dr. Poole's patients, an investigation was launched by Minnesota authorities which resulted in seventeen separate charges of criminal sexual conduct by eleven different female patients. It was alleged that during the pelvic exam of these females, Poole would repeatedly move his fingers in and out of the patient's vagina and/or stimulate the patient's clitoris with his thumb. Three patients testified that they experienced orgasm because of these actions.

Poole was convicted by a jury on sixteen of seventeen counts under the Minnesota statutes and sentenced to a prison term of 216 months. This sentence was modified by the Minnesota Court of Appeals to 144 months, 489 N.W.2d 537. The Minnesota Supreme Court affirmed the conviction and the reduction of sentence, 499 N.W.2d 31.

Poole filed a writ of habeas corpus in the district court on which the magistrate judge filed a report and recommendation recommending denial of the writ. The district court adopted the recommendation of the magistrate judge thereby denying the writ.

## II. Void For Vagueness Doctrine

■■■ Poole contends that he was convicted under a statute that is unconstitutionally vague, therefore denying him his due process rights. He specifically alleges that the state courts and the district court should have looked at the legislative history of the statutes in question when interpreting their

* The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas, sitting by designation.

1. The Hon. Paul A. Magnuson, United States District Judge for the District of Minnesota.

2. The Hon. Jonathan Lebedoff, United States Magistrate Judge for the District of Minnesota.

meaning. It should first be noted that the alleged wrongful interpretation of state criminal statutes cannot be decided in a federal habeas corpus action. *See Wisconsin v. Mitchell,* —— U.S. ——, ——, 113 S.Ct. 2194, 2198, 124 L.Ed.2d 436 (1993); *R.A.V. v. City of St. Paul,* —— U.S. ——, ——, 112 S.Ct. 2538, 2542, 120 L.Ed.2d 305 (1992). The only possible redress under the vagueness doctrine would be that the state statute was unconstitutionally vague in that it did not provide fair notice to persons potentially subject to it. *Colten v. Kentucky,* 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972). The Court in *Colten* noted that "the root of the vagueness doctrine is a rough idea of fairness." *Id.* at 110, 92 S.Ct. at 1957. The vagueness doctrine is not a principle designed to allow constitutional challenges to the practical difficulties in drawing criminal statutes general enough to take in a wide variety of human conduct and specific enough to provide fair warning that certain conduct is prohibited. *Id.*

■ The Supreme Court has considered several different factors when evaluating a case under the vagueness doctrine. Whether a statute threatens to inhibit a constitutionally protected right was considered probably the most important of these considerations by the Supreme Court in *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 499, 102 S.Ct. 1186, 1193, 71 L.Ed.2d 362 (1982). If such were the case, a more stringent vagueness test would apply. It cannot be argued that Dr. Poole's actions in this case involved constitutionally protected activity.

■ The Supreme Court, in *Village of Hoffman Estates,* also noted that statutes containing a scienter requirement mitigated a law's vagueness, especially with respect to notice that certain activity is proscribed. *Id.* at 499, 102 S.Ct. at 1193. We agree with the appellee's contention that the statutes in question have a scienter requirement. Both statutes contain the element of false representation, and sexual contact is defined as being "committed with sexual or aggressive intent." Minn.Stat. § 609.341, subd. 11 (1990).

■ Poole contends that the statutes in question are ambiguous as to whether the false representation involves the medical justification for the alleged procedure or the professional status of the perpetrator. He argues that this alleged ambiguity requires looking into the legislative history of the statutes. We find that the statutes are clearly written and clearly proscribe the actions for which Poole was convicted. Although it may be possible to charge either health care professionals or those posing as such under the statutes, we find that this does not raise any potential for arbitrary enforcement of the statutes. We therefore find that the statutes in question are not unconstitutionally vague.

## III. Fourth Amendment Claim

■ Fourth Amendment claims may not be raised in a petition for habeas corpus when the state has afforded the petitioner a full and fair opportunity to litigate those claims. *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). The Supreme Court has not yet elaborated upon the meaning of "an opportunity for full and fair litigation." We thoroughly addressed this issue in a recent en banc decision. In the case of *Willett v. Lockhart,* 37 F.3d 1265 (8th Cir.1994) (en banc), we adopted the two-part test set forth by our sister circuit in the case of *Capellan v. Riley,* 975 F.2d 67, 71 (2d Cir.1992). Under this test, a Fourth Amendment claim is *Stone*-barred, and thus unreviewable by a federal habeas court, unless the state provided no procedure by which the prisoner could raise his Fourth Amendment claim, or the prisoner was foreclosed from using that procedure because of an unconscionable breakdown in the system. *Id.* at 1272. Petitioner has advanced no arguments that such a procedure was not afforded. In fact, it is clear that the opportunity for a full and fair litigation was provided to the petitioner on the Fourth Amendment issue, as the Minnesota Supreme Court affirmed the trial court's and the Minnesota Court of Appeals rulings on these issues. Petitioner may not relitigate that ruling here.

## IV. Fourteenth Amendment Due Process Claim

 Poole alleges that the trial court erred in admitting certain prior bad acts and in allowing certain lay witness testimony, and that such error was so prejudicial that it fatally infected the trial and failed to afford him fundamental fairness and his due process rights guaranteed by the Fourteenth Amendment. Specifically, petitioner contends that the trial court erred in admitting two incidents from 1979 in which he admitted to sexual contact with a 14–year–old female relative. The Minnesota Court of Appeals and the Supreme Court of Minnesota affirmed the trial court's admission of these two incidents as being more probative than prejudicial. We addressed the issue of admitting prior bad acts to prove intent or lack of mistake in a habeas case in *Rainer v. Dept. of Corrections*, 914 F.2d 1067 (8th Cir. 1990). In that case, Rainer's prior incidents of violence towards different women in his life were admitted to disprove his assertion that his shotgun accidentally discharged into his girlfriend's back, fatally wounding her. These acts were admitted to show intent or lack of mistake on Rainer's part. We believe that the same reasoning applies in the present case. Poole's actions towards his 14–year–old second cousin evidence his intent, plan, or lack of mistake, which are sufficient purposes for admitting the acts under Minn. R.Evid. 404(b). Under the reasoning set forth in *Rainer*, we will not address the issue of whether the trial court erred in admitting the prior bad acts, but do find that under the totality of the circumstances Poole was not denied his right to a fair trial and that his constitutional rights were not violated.

 Poole also contends that the trial court's failure to allow some of his lay witnesses to testify resulted in the violation of his due process rights. Poole claims that he had several other witnesses who were not allowed to testify concerning his bona fide medical practices. The trial court did allow several of Dr. Poole's patients testify that they had no complaints about his pelvic exams, and Poole testified concerning his alleged bona fide medical procedures. The Supreme Court of Minnesota found that the

trial court did not abuse its discretion in not allowing further testimony, as it would have been cumulative in nature. We agree with the Minnesota Supreme Court and the magistrate judge's statements that Dr. Poole's appropriate conduct with regard to certain patients is not relevant to whether he engaged in the unlawful conduct with which he was charged. We therefore find that petitioner was afforded a fundamentally fair trial and that his due process rights guaranteed by the Fourteenth Amendment were not violated by the trial court's evidentiary rulings.

## V. Conclusion

The district court was correct in adopting the report and recommendation of the magistrate judge which found that the statutes under which petitioner was convicted were not vague, that he had a full and fair opportunity to present any Fourth Amendment issues at the state court level, and that the trial court's evidentiary rulings did not violate his due process rights. The district court denied the petition for writ of habeas corpus with prejudice. We affirm.