William JONES, Petitioner,

v.

Howard PAINTER, Respondent.

No. CIV.A. 3:99–CV–59.

United States District Court,
N.D. West Virginia,
Martinsburg Division.

April 3, 2001.

William Jones, Huttonsville, WV, pro se.

Scott E. Johnson, Asst. Atty. General, Dawn E. Warfield, Deputy Atty. Gen., Atty. Gen. Office, Charleston, WV, for Howard Painter.

## ORDER GRANTING SUMMARY JUDGMENT

BROADWATER, District Judge.

For the reasons set forth below, the Court **GRANTS** Respondent's Motion for Summary Judgment and **DISMISSES** this matter from the active docket of this Court.

1. On June 24, 1999, Petitioner filed this Petition under 28 U.S.C. § 2254 for habeas corpus.[1] The multiple grounds alleged were: 1) violation of Petitioner's Constitutional rights by the State's use of his Virginia convictions as predicate felonies for recidivist purposes; 2) use of the recidivist statute was contrary to the legislative intent; 3) ineffective assistance of counsel at his State trial; 4) vagueness and overbreadth of the kidnaping statute; 5) denial of psychological testimony; and 6) ineffective assistance of counsel for the predicate felonies in Virginia.

On September 14, 2000, the Respondent filed a Consolidated Answer and Motion for Summary Judgment.[2] The Motion enumerated grounds for the denial of each of the Petitioner's claims. These grounds were detailed and referenced with extensive exhibits, filed with the Motion.[3] Petitioner filed Responses on December 15, 2000[4] and December 28, 2000,[5] followed by Respondent's Reply on January 5, 2001,[6] and Petitioner's Reply on January 10, 2001.[7]

2. Additionally, Petitioner filed a Motion to Recuse[8] as well as a Motion to Recuse and File Charges against Respondent's counsel.[9] Finally, Petitioner filed a Motion for an Evidentiary Hearing.[10]

3. 28 U.S.C. § 2244 provides for a one-year statute of limitations from the date on which the conviction becomes final.[11] The Petitioner has complied with this requirement, as his state Petition was denied on May 3, 1999, and this action was commenced on June 24, 1999. As such, the Petition is within the time limitation and the Court does have jurisdiction to review this matter.

4. Under the requirements of an action pursuant to 28 U.S.C. § 2254, the Petitioner must ordinarily exhaust his state remedies before seeking relief in the federal courts.[12] However, in this case, the Respondent and the State of West Virginia have expressly waived the exhaustion requirement, pursuant to 28 U.S.C. § 2254(b)(3).[13] Thus, the Court has jurisdiction to hear this matter.

1. Doc. # 1.

2. Doc. # 17.

3. Doc. # 18.

4. Doc. # 23.

5. Doc. # 24.

6. Doc. # 25.

7. Doc. # 28.

8. Doc. # 26.

9. Doc. # 27.

10. Doc. # 29.

11. 28 U.S.C. § 2244(d)(1).

12. 28 U.S.C. § 2254(b)(1)(A).

13. Doc. # 17, p. 3.

5. Rule 56 of the Federal Rules of Civil Procedure applies to habeas corpus actions.[14] Entry of summary judgment is appropriate when there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[15] As such, the Court may dispense with a civil matter, including an action for the writ of habeas corpus, when the matter is presented for summary judgment and there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.

■ 6. Petitioner's first ground for relief is that the State's use of his Virginia convictions as predicate felonies for recidivist purposes is a violation of Constitutional rights. This ground is without merit.

The West Virginia Supreme Court of Appeals is the final arbiter of the law of West Virginia. Its determination of what the law of this State means is final and cannot be reviewed by the federal courts, unless the interpretation by that court is in conflict with some federally protected right.[16]

Petitioner claims that the West Virginia Supreme Court of Appeals has improperly applied the West Virginia Recidivist Statute[17] in violation of his rights under the United States Constitution. Specifically, he claims that the decision of the West Virginia court to apply his previous convic-

tions was erroneous, thus violating his rights.

■ Claims that a state court misapplied its own statutes are not proper for litigation on federal habeas corpus. As this is a question of state law, it is not the province of the federal courts to review the decisions of the courts of the state whose law is applied. There is no evidence in the petition that indicates which constitutional right was impinged by the application of the Recidivist Statute to the Petitioner.

Accordingly, the first ground advanced by the Petitioner for the Writ of Habeas Corpus cannot support the issuance of the writ.

7. Petitioner contends in his second ground that the use of the recidivist statute in his case was contrary to the legislative intent. This contention is unsupported by the law.

■ For there to be a federal habeas corpus claim, there must be a federal right at issue.[18] It is not the province of the federal courts to address claims that are based strictly on claims of state law, especially when those claims have already been addressed by the state courts.[19] A state court's interpretation of state recidivist laws is considered to be binding on a federal court reviewing the conviction on habeas corpus.[20]

---

14. *Blackledge v. Allison,* 431 U.S. 63, 80, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977); *Maynard v. Dixon,* 943 F.2d 407, 412 (1986) ("Rule 56 Fed.R.Civ. Pro. applies to habeas proceedings....").

15. Fed.R.Civ. Pro. 56(c).

16. *Estelle v. McGuire,* 502 U.S. 62, 67, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitu-

tion, laws, or treaties of the United States."); 28 U.S.C. § 2241.

17. W.Va.Code § 61–11–18.

18. *Poole v. Wood,* 45 F.3d 246, 249 (8th Cir., 1995) ("It should be noted that the alleged wrongful interpretation of state criminal statutes cannot be decided in a federal habeas corpus action.").

19. *Estelle,* 502 U.S. at 67, 112 S.Ct. 475.

20. *McCoy v. Newsome,* 953 F.2d 1252, 1256 (11th Cir., 1992).

As a consequence, the claim by Petitioner that the application of the West Virginia Recidivist Statute to his case was contrary to the legislative intent is not cognizable by this Court on federal habeas corpus. The determination of the intent of the Legislature of the State of West Virginia is solely within the province of the West Virginia Supreme Court of Appeals and its subordinate courts, not with the federal courts. It is not the role of the federal judiciary to contradict the state courts on their law.

Thus, this claim by Petitioner is insufficient to sustain the writ.

8. Petitioner next contends that he did not receive the effective assistance of counsel at his trial in the Circuit Court of Morgan County, West Virginia. The Court finds that the Petitioner has not met the required burden for showing ineffective assistance of counsel.

Petitioner alleges that he did not receive the effective assistance of counsel at his trial because his trial counsel "failed to offer jury instructions defining the *mens rea* or intent necessary for conviction or how extreme intoxication of the Petitioner would effectively negate intent." [21] Further, Petitioner claims that his counsel erred by failing to "introduce psychological testimony from an expert regarding diminished capacity as a result of intoxication." [22]

In regard to the Petitioner's claim that the jury instructions defining the *mens rea* or intent, the claim appears to be factually incorrect. The trial transcript indicates that instructions requiring the element of intent to be found for a conviction were given to the jury. [23] The instructions of law included two instructions on the lesser included offense of "threat to kidnap". This was the charge for which the Petitioner was ultimately found guilty by the Jury. The trial judge made two specific references to "with the intent to extort. . . ." [24] Because of this information, the allegation in the petition appears to be factually incorrect, and thus, not subject to collateral attack.

■ The right to counsel is guaranteed to criminal defendants by the Sixth Amendment to the United States Constitution. Accordingly, this is a claim which is always available on federal habeas corpus. [25]

In order for counsel to be considered to be ineffective, there are two requirements which must be met. "First, the [Petitioner] must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment. Second, the [Petitioner] must show that the deficient performance prejudiced the defense. This requires a showing that counsel's errors were so serious as to deprive the [Petitioner] of a fair trial. . . ." [26]

In the eyes of the Supreme Court, the prejudice prong is the easier of the two to handle first. [27] If there is no prejudice that can be shown, then the claim of ineffectiveness of counsel cannot be sustained.

One of the most critical points with these claims are in the area of strategic decisions made by the attorney in ques-

21. Doc. # 2.

22. Doc. # 2.

23. See Resp't Ex. 4, 17–18.

24. *Id.*

25. *United States v. Cronic,* 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984).

26. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

27. *Strickland,* 466 U.S. at 697, 104 S.Ct. 2052.

tion. The Supreme Court gives great deference to the attorney on these matters:

A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy" [citation omitted]. There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.[28]

The Supreme Court specifically allows an attorney to make his decisions based upon the information given to him by his client. These decisions, after consultation, are that of the attorney and not those of the client. The court recognizes this, especially when the situation is one where the choice of action could·be dangerous to the client:

[W]hen a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable.[29]

This view, that counsel has wide latitude when making strategic decisions on behalf of the client, appears to be the situation with Petitioner. He gave his counsel the relevant information on the diminished capacity defense, and the attorney appears to have investigated that claim and defense. This included a psychiatric examination.[30]

■] When taken as a whole, the choice of the attorney not to pursue this avenue of defense clearly appears to the Court to be a strategic decision on his part. He did the relevant research, observed his client, reviewed the evidence, had his client professionally evaluated, and chose not to make a defense on those grounds. This conduct appears to be neither deficient nor prejudicial and, as such, does not meet either prong of the *Strickland* test for ineffective assistance of counsel.

Overall, this claim is insufficient for the issuance of the writ.

9. The fourth ground claimed by Petitioner is that the kidnaping statute is vague and overbroad. This claim, while appropriate for federal habeas corpus, is insufficient as a matter of law.

■ Overbreadth is a federal doctrine, applied to the states through the Fourteenth Amendment. As such, it generally is applicable in a federal habeas corpus action. The doctrine of overbreadth is most commonly encountered in First Amendment law.[31] However, it does appear in the criminal setting without implicating the First Amendment.[32] Regardless of how overbreadth is applied,

---

**28.** *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052.

**29.** *Strickland,* 466 U.S. at 691, 104 S.Ct. 2052.

**30.** Resp't Ex. 11.

**31.** *Cameron v. Johnson,* 381 U.S. 741, 85 S.Ct. 1751, 14 L.Ed.2d 715 (1965).

**32.** *Scott v. District Attorney,* 309 F.Supp. 833 (D.La., 1970) ("The Fourteenth Amendment protects individuals from incursions by the state into certain areas of their life, and an overbroad statute is constitutionally defective if it extends state criminal authority beyond the proper reach of government into one of these protected private areas.").

its application outside of the First Amendment arena requires that it be applied in view of the particular facts of the case.[33]

■ In the current case, the facts are not in dispute. It would appear that the Petitioner's actions, in light of the Jury's findings of fact, clearly are within the contemplated prohibited activity. Without question, the Petitioner's conduct fell within the boundaries of the statute, and as such, he is not entitled to the use of the overbreadth doctrine, as he was on notice as to the prohibited activity.

Overall, this ground for relief also does not properly support the issuance of the writ.

10. The next ground claimed by the Petitioner for habeas corpus is that he was denied psychological testimony at his kidnaping trial. This ground is insufficient. As previously discussed, the courts give great deference to the strategic decisions of counsel.[34] As such, it is not the role of this Court to review these decisions, provided that they meet the requirements of the law.

As evidenced by the Petition, this ground is essentially a reiteration of the previously discussed ineffective assistance of counsel claim. There is nothing to suggest that the trial court denied the Petitioner any expert witnesses at trial, and the strategic decisions of counsel are beyond review.

In accordance, the writ will not be issued on this ground.

■ 11. The last ground asserted by the Petitioner is that he received the ineffective assistance of counsel in his predicate felonies, including offenses for which he was convicted in the courts of the Commonwealth of Virginia. This ground, too, cannot support the issuance of the writ.

■ As before, the effectiveness of counsel is evaluated on the basis of examining counsel's actions for deficiency, and then determining whether those deficiencies resulted in prejudice to the defense.[35] A review of the record indicates that this is not a proper ground for federal habeas corpus in this Court. The effectiveness of counsel must be litigated on appeal and collateral attack for the offense in question itself, not in a collateral attack for a subsequent offense.[36] Such an attack must be brought in the United States District Court for the district in which the underlying conviction occurred, and such an attack must comply with the requirement of the Statute of Limitations.[37]

Accordingly, as the previous convictions attacked in this ground are beyond the jurisdiction of this Court, the Court may not consider granting the writ.

12. The Court notes that there are several outstanding motions, including a Motion to Recuse this Court,[38] as well as a

---

**33.** *United States v. Powell,* 423 U.S. 87, 92, 96 S.Ct. 316, 46 L.Ed.2d 228 (1975) ("[I]t is well established that vagueness challenges which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand.") Citing *United States v. Mazurie,* 419 U.S. 544, 550, 95 S.Ct. 710, 42 L.Ed.2d 706 (1975); *Chapman v. United States,* 500 U.S. 453, 467, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991) ("First Amendment freedoms are not infringed by [the case], so the vagueness claim must be evaluated as the statute is applied to the facts of this case.").

**34.** See Para. 8, *supra.*

**35.** *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052.

**36.** 28 U.S.C. § 2254.

**37.** *Id.*

**38.** Doc. # 26.

Motion to Recuse and File Charges against Respondent's counsel [39] and a Motion for an evidentiary hearing.[40] These motions are **DENIED** as moot.

Accordingly, the Motion for Summary Judgment is **GRANTED,** the Petition for the Writ of Habeas Corpus is **DENIED,** and this matter is stricken from the active docket of this Court.

It is so **ORDERED.**